FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 FEB 12 P 12: 10

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CERTUSVIEW TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| USIC, LLC, | ) |
| SERVE: | ) |
| Secretary of the Commonwealth<br>Patrick Henry Building<br>111 East Broad Street<br>Richmond, Virginia 23219 | ) JURY TRIAL DEMANDED<br>) Case No.: 3:14 CV 99<br>) REP |
| USIC LOCATING SERVICES, LLC, and | ) |
| SERVE: | ) |
| CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060 | ) |
| SAFE SITE, INC., | ) |
| SERVE: | ) |
| Secretary of the Commonwealth<br>Patrick Henry Building<br>111 East Broad Street<br>Richmond, Virginia 23219 | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff CertusView Technologies, LLC ("CertusView"), by counsel, respectfully states as follows for its complaint seeking damages, injunctive relief, and costs and attorneys' fees against Defendants USIC, LLC f/k/a United States Infrastructure Corporation, USIC Locating

Services, LLC ("USICLS") f/k/a USIC Locating Services, Inc., and Safe Site, Inc. ("Safe Site") for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.* (the "Patent Act"), breach of contract, and breach of the implied covenant of good faith and fair dealing.

The conduct for which CertusView seeks injunctive relief includes breach of a Consent Judgment entered between CertusView, on the one hand, and Defendants USIC, LLC and USICLS, on the other, in *CertusView v. United States Infrastructure Corp., et. al.*, No. 2:13-cv-00182 (MSD-DEM), D.I. 25 (E.D. Va. Jul. 23, 2013).

## PARTIES

1. Plaintiff CertusView is a Delaware limited liability company organized under the laws of the State of Delaware with its principal place of business located at 3960 RCA Boulevard, Suite 6002, Palm Beach Gardens, Florida 33410.

2. Defendant USIC, LLC is a limited liability company organized under the laws of the State of Delaware with a place of business located at 8167 Mechanicsville Turnpike, Suite H, Mechanicsville, Virginia, 23111.

3. Defendant USICLS is a limited liability company organized under the laws of the State of Indiana with its principal place of business located at 9045 North River Road, Indianapolis, Indiana 46240.

4. Defendant Safe Site is or was a corporation organized under the laws of the State of Colorado with its principal place of business at 5803 Lockheed Avenue, Loveland, Colorado 80539. In December 2013, Safe Site was purchased by USIC, with which Safe Site has since been merged and/or is otherwise under common direction and control.

4849-0008-8856.3

## JURISDICTION AND VENUE

### (Subject Matter Jurisdiction)

5. CertusView's claims arise under a federal statute, the Patent Act. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Plaintiff's claims further arise under a Confidential Settlement Agreement ("Settlement Agreement") and Consent Judgment agreed to by CertusView, USIC, LLC, and USICLS and entered by Hon. Judge Mark. S. Davis of the United States District Court for the Eastern District of Virginia on July 23, 2013, over which this Court retained jurisdiction. *See CertusView v. United States Infrastructure Corp., et. al.*, No. 2:13-cv-00182 (MSD-DEM), D.I. 25 (E.D. Va. Jul. 23, 2013) ("Consent Judgment"), attached as **Exhibit A**.

### (Personal Jurisdiction)

7. Defendants USIC, LLC and USICLS (collectively, "USIC") transact business in the Commonwealth of Virginia, including in the Eastern District of Virginia. USIC maintains a place of business at 8167 Mechanicsville Turnpike, Suite H, Mechanicsville, Virginia 23111.

8. Safe Site has been acquired by and/or merged with USIC, LLC and/or is otherwise under the direction and control of USIC, LLC.

9. This Court has retained jurisdiction over the enforcement of the Settlement Agreement and Consent Order between the parties that Defendants are currently violating. Accordingly, Defendants are subject to personal jurisdiction in the Eastern District of Virginia.

### (Venue)

10. Defendants reside in this judicial district pursuant to 28 U.S.C. §1391(c), and venue in this judicial district is thus proper.

11. Furthermore, venue is proper since the Court has retained jurisdiction over the subject matter of this dispute and the enforcement of the Consent Judgment.

## FACTS COMMON TO ALL COUNTS

12. CertusView is an industry leader in the development of technology for the prevention of damage to underground infrastructure. The patents at issue, as set forth in the paragraphs that follow, relate to devices and methods involving electronic records of underground infrastructure.

13. CertusView is the owner of all right, title, and interest in and to U.S. Patent No. 8,290,204, entitled "Searchable electronic records of underground facility locate marking operations" (the "'204 Patent"). A true and correct copy of the '204 Patent is attached as **Exhibit B**.

14. CertusView is the owner of all right, title, and interest in and to U.S. Patent No. 8,543,937, entitled "Methods and apparatus employing a reference grid for generating electronic manifests of underground facility marking operations" (the "'937 Patent"). A true and correct copy of the '937 Patent is attached as **Exhibit C**.

15. CertusView is the owner of all right, title, and interest in and to U.S. Patent No. 8,630,463 entitled "Searchable electronic records of underground facility locate marking operations" (the "'463 Patent"). A true and correct copy of the '463 Patent is attached as **Exhibit D**.

16. CertusView is the owner of all right, title, and interest in and to U.S. Patent No. 8,532,341 entitled "Electronically documenting locate operations for underground utilities" (the "'341 Patent"). A true and correct copy of the '341 Patent is attached as **Exhibit E**.

17. CertusView is the owner of all right, title, and interest in and to U.S. Patent No. 8,407,001, entitled "Systems and methods for using location data to electronically display dispensing of markers by a marking system or marking tool" (the "'001 Patent"). A true and correct copy of the '001 Patent is attached as **Exhibit F**.

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF SETTLEMENT AGREEMENT AND ENFORCEMENT OF CONSENT JUDGMENT

18. CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19. CertusView, USIC, LLC, and USICLS entered into a Settlement Agreement, which was a binding contract between the parties, on July 19, 2013 in resolution of a previous patent infringement lawsuit brought by CertusView against USIC, LLC and USICLS for infringement of a number of patents, including the '204 Patent.

20. Pursuant to the terms of the Settlement Agreement, CertusView, USIC, LLC, and USICLS agreed to the Consent Judgment. The Consent Judgment was entered by Hon. Judge Mark S. Davis on July 23, 2013 in *CertusView v. United States Infrastructure Corp., et. al.*, No. 2:13-cv-00182 (MSD-DEM), D.I. 25 (E.D. Va. Jul. 23, 2013) ("Consent Judgment"), attached as **Exhibit A**.

21. According to the terms of the Consent Judgment, USIC, LLC, and USICLS are permanently enjoined from infringement of the Patents-in-Suit by importing, making, using, selling, or offering for sale their "electronic manifests" (or any merely colorable variant thereof), in or into the United States, and from inducing or contributing to others' infringement by

performing any of these actions with regard to such electronic manifests during the enforceable terms of the '204 Patent without CertusView's prior written authorization.

22. On or about December 3, 2013, USIC, LLC purchased, acquired, and/or merged with Safe Site. Through Safe Site, USIC, LLC is now engaged in the making, using, selling, or offering for sale of "electronic manifests," also referred to as "Locate Sketches," in a manner that, as described below, infringes the '204 patent in violation of the Settlement Agreement and the Consent Judgment.

23. According to Safe Site's website, these "Electronic Sketches" that are now used by USIC are "what differentiates Safe Site, Colorado from our competitors." *See* http://www.safesiteco.com/subsurface-engineering-services/utility-locating/.

24. CertusView has performed all obligations required under the Settlement Agreement and has not in any way violated the Consent Judgment.

25. Defendants USIC, LLC and USICLS have breached the Settlement Agreement by violating the Consent Judgment and engaging in infringement of the '204 Patent.

26. CertusView has been harmed by the foregoing breaches.

27. As a direct and proximate result of the foregoing breaches, CertusView has suffered, and will continue to suffer, damages arising out of Defendants' ongoing infringement which cannot yet be ascertained fully.

28. Defendants should be enjoined from any further making, using, selling, or offering for sale of "electronic manifests," also referred to as "Locate Sketches," pursuant to the terms of the Consent Judgment, and CertusView should be awarded damages for Defendants' breach and past infringement.

4849-0008-8856.3

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

29. CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Pursuant to Delaware law, which governs the Settlement Agreement, an implied covenant of good faith and fair dealing attaches to every contract.

31. Defendants USIC, LLC and USICLS have breached the implied covenant of good faith and fair dealing by engaging in arbitrary or unreasonable conduct which has had the effect of preventing CertusView from receiving the fruits of the bargain reflected in the Settlement Agreement between the parties, and by frustrating the over-arching purpose of the Settlement Agreement, including the provisions of the Consent Judgment, by making, using, selling, or offering for sale of "electronic manifests" (or colorable variants thereof), also referred to as "Locate Sketches."

32. As a direct and proximate result of the foregoing breaches, CertusView has suffered, and will continue to suffer, damages arising out of Defendants' ongoing infringement which cannot yet be ascertained fully.

## COUNT III
## PATENT INFRINGEMENT ('204 PATENT)

33. CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. Defendants have infringed, and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, the '204 Patent at least by making, using,

offering to sell, and/or selling devices and/or services covered by the claims of the '204 Patent and by actively and intentionally inducing others to infringe one or more claims of the '204 Patent.

35. CertusView has sustained damages as a result of the foregoing acts of infringement of the '204 Patent for which USIC, LLC, USICLS, and Safe Site are liable.

36. Defendants' infringement of the '204 patent is and has been willful.

37. CertusView has no adequate remedy at law for Defendants' continued infringement of the '204 Patent, such that CertusView is entitled to injunctive relief from and against Defendants' further acts of infringement.

## COUNT IV
## PATENT INFRINGEMENT ('937 PATENT)

38. CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39. Defendants have infringed, and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, the '937 Patent at least by making, using, offering to sell, and/or selling devices and/or services covered by the claims of the '937 Patent and by actively and intentionally inducing others to infringe one or more claims of the '937 Patent.

40. CertusView has sustained damages as a result of the foregoing acts of infringement of the '937 Patent for which Defendants are liable.

41. CertusView has no adequate remedy at law for Defendants' continued infringement of the '937 Patent such that CertusView is entitled to injunctive relief from and against Defendants' further acts of infringement.

## COUNT V
## PATENT INFRINGEMENT ('463 PATENT)

42.  CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

43.  Defendants have infringed, and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, the '463 Patent at least by making, using, offering to sell, and/or selling devices and/or services covered by the claims of the '463 Patent and by actively and intentionally inducing others to infringe one or more claims of the '463 Patent.

44.  CertusView has sustained damages as a result of the foregoing acts of infringement of the '463 Patent for which Defendants are liable.

45.  CertusView has no adequate remedy at law for Defendants' continued infringement of the '463 Patent such that CertusView is entitled to injunctive relief from and against Defendants' further acts of infringement.

## COUNT VI
## PATENT INFRINGEMENT ('341 PATENT)

46.  CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

47.  Defendants have infringed, and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, the '341 Patent at least by making, using, offering to sell, and/or selling devices and/or services covered by the claims of the '341 Patent and by actively and intentionally inducing others to infringe one or more claims of the '341 Patent.

48. CertusView has sustained damages as a result of the foregoing acts of infringement of the '341 Patent for which Defendants are liable.

49. CertusView has no adequate remedy at law for Defendants' continued infringement of the '341 Patent such that CertusView is entitled to injunctive relief from and against Defendants' further acts of infringement.

## COUNT VII
## PATENT INFRINGEMENT ('001 PATENT)

50. CertusView incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

51. Defendants have infringed, and continue to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, the '001 Patent at least by making, using, offering to sell, and/or selling devices and/or services covered by the claims of the '001 Patent and by actively and intentionally inducing others to infringe one or more claims of the '001 Patent.

52. CertusView has sustained damages as a result of the foregoing acts of infringement of the '001 Patent for which Defendants are liable.

53. CertusView has no adequate remedy at law for Defendants' continued infringement of the '001 Patent such that CertusView is entitled to injunctive relief from and against Defendants' further acts of infringement.

## **DEMAND FOR JURY TRIAL**

CertusView hereby demands a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, CertusView respectfully requests that the Court award CertusView the following relief:

A. injunctive relief from and against Defendants and each of their respective affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them, on their behalf, or in concert with them, from further infringement of the '204 Patent, the '937 Patent, the '463 Patent, and '341 Patent, and the '001 Patent, as alleged herein;

B. injunctive relief enforcing the Consent Judgment in *CertusView v. United States Infrastructure Corp., et. al.*, No. 2:13-cv-00182 (MSD-DEM), D.I. 25 (E.D. Va. Jul. 23, 2013);

C. compensatory damages, costs, prejudgment interest, and post-judgment interest for infringement of the '204 Patent, the '937 Patent, the '463 Patent, the '341 Patent, and the '001 Patent;

D. a judgment that Defendants' infringement has been willful;

E. an award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case;

F. compensatory damages, costs, prejudgment interest, and post-judgment interest due to the breach of the Settlement Agreement;

G. compensatory damages, costs, prejudgment interest, and post-judgment interest due to the breach of the implied covenant of good faith and fair dealing; and

H. such other and further relief as this Court may deem just and proper.

Dated: February 12, 2014

Respectfully submitted,

By: *Lori A. Rubin*

Michael J. Lockerby (VSB No. 24003)
Lori A. Rubin (VSB No. 80883)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

Matthew B. Lowrie (*pro hac vice* motion pending)
Aaron W. Moore (*pro hac vice* motion pending)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001

*Counsel for Plaintiff*
*CertusView Technologies, LLC*

4849-0008-8856.3